IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY SANDOVAL, PETER TRUJILLO,
AMBROSE COSTELLANO, C. RAY McFALL,
and DENNIS ROMERO, individually and on
behalf of others similarly situated,

       Plaintiffs,

vs.                                                                                              No. CV 99-73 MV/LFG

STATE OF NEW MEXICO, STATE
OF NEW MEXICO PERSONNEL OFFICE,
REX D. ROBBERSON, individually and in
his capacity as State Personnel Director,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs, filed April 17, 2000 **[Doc. 39]**. The Court finds that the motion is well taken and will be **granted.**

### BACKGROUND

Plaintiffs filed their complaint in January 1999, challenging the constitutionality of those provisions of the New Mexico State Personnel Board Rules that required employees who run in a non-partisan election within the State of New Mexico to take an unpaid leave of absence from their position, for the time between the filing or accepting the nomination until the election. Plaintiffs sought declaratory and injunctive relief, and brought their claims under 42 U.S.C. §

1

1983 (under the First and Fourteenth Amendments to the United States Constitution) and 28 U.S.C. §§ 1343 and 1344.

On January 27, 1999, this Court issued a temporary retraining order, enjoining the defendants from enforcing the provisions of the New Mexico State Personnel Board Rules to which plaintiff objected.  On March 20, 2000, the parties entered into a stipulated judgment where the defendants agreed to amend the provisions of the New Mexico State Personnel Board Rules.  The amendment removed any prohibition or impediment to state employees, running in non-partisan elections in New Mexico, including the requirement that the employees take a leave of absence upon becoming a candidate in a non-partisan action.

Plaintiffs request attorneys' fees pursuant to 42 U.S.C. § 1988(b) against the State of New Mexico and the New Mexico State Personnel Office.

## ANALYSIS

### A. Whether Plaintiffs Are Entitled to Attorneys' Fees

To qualify for an attorney's fee award under 42 U.S.C. § 1988, a plaintiff must be a "prevailing party."  The Supreme Court stated that a plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).  Parties may be considered prevailing parties for the purpose of attorneys' fees "if they succeed on any significant issue in litigation which achieves some benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*, 462 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).

The Tenth Circuit recently explained when a district court is to apply the *Farrar* test in determining whether a plaintiff is a prevailing party, and when to apply the more restrictive "catalyst test" in *Sinajini v. Bd. of Educ. of the San Juan Sch. Dist.*, 233 F.3d 1236 (10th Cir. 2000). In *Sinajini*, the Tenth Circuit reversed the district court's determination that the catalyst test, rather than the *Farrar* test, applied to a consent decree. The Tenth Circuit noted that it is well-settled that a party may prevail through a settlement embodied in a consent decree. *Id.*, 233 F.3d at 1240 (citing *Maher v. Gagne*, 448 U.S. 122, 129 (1979). The Court further held that when a final judgment is in effect, the catalyst test does not apply. The catalyst test is reserved for only those cases where there is "no final judicial determination." *Id.*, 233 F.3d at 1241 (citing *Foremaster v. City of St. George*, 882 F.2d 1485 (10th Cir. 1989); *Beard v. Teska*, 31 F.3d 942, 945 (10th Cir. 1994) (final judgment had been withdrawn)). In this case, there has been a final judicial determination. This Court signed a stipulated final judgment on March 20, 2000. Therefore, the Court applies the *Farrar* test to determine whether plaintiffs are a prevailing party.

Plaintiffs have met the *Farrar* test. Plaintiffs have succeeded on not only *a* significant issue on the litigation, but *the* significant issue. In the stipulated judgment, plaintiffs have obtained all of the relief sought in the complaint. Therefore, plaintiffs are a prevailing party.

**B.  Amount of Attorneys' Fees**

As prevailing parties the plaintiffs are entitled to a reasonable attorneys fee. *See* 42 U. S. C. § 1988(b); *Hensley*, 461 U. S. at 433. When examining an attorney's fee claim, the district court should examine the hours spent on each task to determine the reasonableness of the hours reported. *See Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000)

3

(citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir.1983) (reviewing award of attorney's fees under 42 U.S.C. § 1988)).  The product of this calculation is the lodestar, which may be equitably tailored to the facts of the case. *See Blum v. Stenson*, 465 U. S. 886, 888 (1984).

In determining a reasonable rate, the Tenth Circuit held in *Ramos v. Lamm*, 713 F.2d 546 (1983), that for an attorney seeking fees under 42 U.S.C.A. § 1988, the reasonable fee rate is that charged by attorneys having similar expertise in the local community unless unusual circumstances are present.  *See id.*, 713 F.2d at 555.

Thus, although counsel is from the small community of Tucumcari, the rates appropriate for Santa Fe and Albuquerque, where this Court usually sits, control. This Court has previously awarded Mr. Frost the rate of $200.00 per hour in *Lucero v. Southwest Coca-Cola Bottling Company, Inc.*, No. CIV 97-707 MV/RLP (D.N.M. June 1, 1999). This Court noted in *Lucero* that fees of $200.00 per hour are not uncommon for these localities in civil rights cases. *See, e. g., Mitchell v. Moya*, No. CIV 95-0138 MV (D. N. M. Jan. 29, 1998); *Sierra v. Garley*, No. CIV 94-678 EM (D.N.M. Oct. 28, 1996); *Sussman v. Patterson*, No. CIV 93-1317 MV/DJS (D.N.M. Oct. 5, 1995), and that Mr. Frost was entitled to this rate.  As the Court noted in *Lucero*, although Mr. Frost has not been practicing law as long as some members of the New Mexico civil rights bar, Mr. Frost is not an inexperienced attorney. He has been in practice since 1987, and since 1991 has devoted a substantial part of that practice to civil rights cases. In this case, Mr. Frost was able to negotiate for all of the relief sought for his clients; he obtained a temporary restraining order which required a finding that there was a substantial likelihood of success on the merits; and he represented plaintiffs as a class.  His skill and experience, both generally and as demonstrated in this case, entitle him to the prevailing rate.  Consequently, the Court finds it

appropriate to award Mr. Frost the prevailing rate for lead counsel in civil rights cases, which is $200.00 per hour.

The other factor in a lodestar calculation is the appropriate number of hours reasonably expended. In determining what amount of time is reasonable, the district court does not have to justify every hour allowed in awarding attorney's fees. *See Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir.1996). "[W]hat is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Ramos*, 713 F.2d at 554. The Court finds that Mr. Frost's time records submitted in support of his fee application are comprehensive and detailed so that the Court is able to assess the reasonableness of the time spent. Reviewing Mr. Frost's time records, the Court further finds that the time spent is reasonable. Much of the time for which Mr. Frost is requesting reimbursement is time spent in court, communicating with opposing counsel, and preparing legal documents. The Court notes that there is not the usual amorphous charges for endless hours of "research," "review of file," or "draft documents" that is often seen on inflated affidavits of time expended. The lengthy amounts of time spent by Mr. Frost all include time spent in court. The Court finds that all of Mr. Frost's time was reasonable.

Counsel for defendant states that Mr. Frost is not entitled to the full award of attorneys' fees because the issues presented in this case were not complicated, that it is a "straightforward declaratory judgment action." The Court does not agree. The legal issues presented in this case are complicated. This case involved whether plaintiffs had a First Amendment right to run for office; whether the New Mexico State Personnel Board Rules unduly interfered with plaintiffs' exercise of that right; how plaintiffs' rights were to be balanced against the interests of its

5

employer; how the Eleventh Amendment and general principles of equity, comity and federalism affected plaintiffs' requested relief; whether plaintiffs could be certified as a class; and whether plaintiffs were entitled to a temporary restraining order.

Counsel for defendant further objects to the time spent prior to the preparation of the Second Amended Complaint being assessed against the State of New Mexico because the State of New Mexico was not made a party until February 22, 1999.  The Court finds that the work done before the State of New Mexico was a defendant cannot fairly be attributed to it.  Therefore, the expenditures incurred from January 15, 1999 until February 15, 1999, as well as the costs incurred, are not recoverable against the State of New Mexico.  The State Personnel Board and Rex Robberson, however, remain liable for those expenditures (indeed, they remain liable for the total of the award).

For the remainder of the award, that is, the time spent from and including February 17, 1999 until April 11, 2000, the State of New Mexico, the State Personnel Board and Rex Robberson in his official capacity remain jointly and severally liable for the attorneys' fee award. Joint and several liability is appropriate when "the claim against all defendants was unitary and their involvement collective, where the prosecution of the action against all defendants was unitary, and where the defendants coordinated their defense." 2 MARTIN A. SCHWARTZ & JOHN E.KIRKLIN, SECTION 1983 LITIGATION § 8.5 at 411 (3d. Ed. 1997) (citing *Pekarsky v. Ariyoski*, 575 F. Supp. 673, 677 (D.Haw. 1983)).  The Court first notes that the same counsel represents all the defendants, and therefore the defendants have coordinated their defense.  The Court finds that the claim against, and the prosecution of, the defendants was unitary and their involvement was collective.  Plaintiffs sued the different defendants not because each has different culpability, but

6

because each is equally responsible for the promulgation of the allegedly unconstitutional Personnel Board Rules.  Therefore, the Court will assess joint and several liability against the defendants.

Defendants further argue that because the State Highway and Transportation Department and Tony Alarid were dismissed as parties on February 22, 1999, only one half of any time spent prior to the dismissal should be assessed against the State Personnel Board.  This argument is without merit.  The proper framework within which to determine whether and how attorneys' fees should be awarded is the time expended on that particular defendant.  The fact that the State Highway and Transportation Department and Tony Alarid were once defendants did not increase the amount of time plaintiff's counsel expended in the litigation.  Therefore, there is no basis to so reduce the award as to the State Personnel Board.

Defendants also object to the costs, stating that there was no need to order the transcript of the deposition.  However, plaintiff stated that only on the eve of trial did the defendants finally agree to settle this case.  Plaintiff's counsel, without any indication of settlement from the defendants, had to proceed as if trial was occurring.  Therefore, ordering the transcript of the depositions was reasonable. The Court agrees, however, that the Westlaw charges are not reasonable.  The charges as listed on the invoice do not indicate how much time was spent on Westlaw and what issues were researched. The Court will disallow the $259.71 in Westlaw fees.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel will be awarded $13,652.56 in attorneys' fees. Of that amount, the State of New Mexico is jointly and severally liable for only $6,172.56.  The State Personnel Board and Rex Robberson in his official capacity are jointly and

severally liable for the entire $13,652.56.

Dated this 27th day of February, 2001.

                                                            _____
                                                            MARTHA VAZQUEZ
                                                            U. S. DISTRICT JUDGE

<u>Counsel for Plaintiff</u>
Warren Frost

<u>Counsel for Defendant</u>
Katherine M. Moss