IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY SANDOVAL, PETER TRUJILLO,
AMBROSE COSTELLANO, C. RAY McFALL,
and DENNIS ROMERO, individually and on
behalf of others similarly situated,

        Plaintiffs,

vs.                                        No. CV 99-73 MV/LFG

STATE OF NEW MEXICO, STATE
OF NEW MEXICO PERSONNEL OFFICE,
REX D. ROBBERSON, individually and in
his capacity as State Personnel Director,

        Defendants.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** is before the Court on Defendants' Motion to Reconsider this Court's

Order granting Plaintiff attorney's fees, filed March 6, 2001 **[Doc. 45]**.  The Court finds that the

motion is not well taken and will be **denied.**

      This Court awarded Plaintiff attorney's fees and costs.  Defendants now object to this

Court's Order, stating that this Court erred in awarding Plaintiff deposition costs of $221.78 and

failing to consider that Plaintiff's counsel did not keep contemporaneous time records.

      With respect to the objection to the award of deposition costs, defendants argue that it

was unreasonable for plaintiffs to order a transcript of the depositions of Defendant Robberson

and another individual in the State Personnel Office.  These depositions were conducted on

August 25, 1999.  Defendants do not contend that conducting these depositions on August 25th was unreasonable.  Nor could they, since plaintiff was required to complete all discovery by September 10, 1999.  The Court's previous Order acknowledged that settlement might undermine the need for discovery, but because settlement in this case had failed,[1] it was proper for the plaintiff to proceed with discovery on the assumption that this case was going to trial.  The fact that plaintiff ordered the transcript the next day is not unreasonable.  The deadline to file motions relating to discovery was September 30, 1999. Additionally, the plaintiff needed the depositions in order to prepare for trial.  Defendants' apparent contention that Plaintiffs should have waited until just before to trial to order the transcript is completely without merit.  Ordering the transcript was reasonable, and the Court will uphold it as a cost.

Defendants also contend that this Court failed to consider the fact that Mr. Frost did not keep contemporaneous time records.  Defendants' argument on this point is likewise without merit.  Defendants do not contend that the time billed by Mr. Frost was unreasonable.  Instead, Defendants contend that reconstructed records do not accurately reflect the actual time spent, and that a "trail [sic] court could totally deny a fee claim when no contemporaneous records are kept."

This Court's ultimate determination under 42 U.S.C. § 1988 is whether the time for which the prevailing party seeks compensation is reasonable.  There is no per se rule, nor will this Court impose one, that time records not kept contemporaneously are unreasonable.  The cases cited by

---

[1]  Mr. Frost's affidavit states, "Prior to conducting discovery in this case I made several attempts to try and resolve this issue with the State Personnel Board and the Attorney General's Office.  Those efforts were unsuccessful and I was forced to take the Deposition of the Defendant Rex Robberson and another individual in the State Personnel Office.  It was not until the trial was quickly approaching that the State finally agreed to change its Rules as set forth in the Stipulated Judgment entered by this Court."

defendants do not support this contention.  In *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983),

the Tenth Circuit stated:

> We recognize that in the instant case, and in other cases pending in this Circuit,
> some lawyers will not have kept contemporaneous time records. We do not forbid,
> retrospectively, the use of reconstructed time records and do not demand that the
> reconstructed hours be arbitrarily reduced. We impute no evil motive to lawyers
> who reconstruct their time records, but we believe that reconstructed records
> generally represent an overstatement or understatement of time actually expended.
> Even with the aid of pleadings, memoranda, and phone bills, lawyers often
> forget small increments of chargeable time such as telephone calls or short
> conferences with other counsel. On the other hand, lawyers who remember
> spending the entire day working on a case are likely to overstate the hours worked
> by forgetting interruptions and intrusions unrelated to the case.

*Id.* at 553 n.2.  In *Anderson v. Security of Health & Human Services*, 80 F.3d 1500 (10th Cir.

1996), the court held that "a court may award an attorney's fee based on a reconstructed record."

80 F.3d at 1506.  The court went on to note that while reconstructed hours do not always reflect

the actual time spent, a court should only reduce the hours "if appropriate."  *Id.*   In *Carter v.

Sedgwick Co., Kansas*, 929 F.2d 1501 (10th Cir. 1991)*,* the Tenth Circuit stated that while courts

have discretion to require contemporaneous time records,  "[w]e did not intend to require

contemporaneous records ... as a per se absolute requirement."  *Id.* at 1506.  Defendants' reliance

on *Berry v. Stinson Chevrolet*, 74 F.3d 980 (10th Cir. 1990) is misplaced.  That case makes no

mention of contemporaneous records.  It simply states that "'lawyers [must] keep meticulous time

records that 'reveal ... all hours for which compensation is requested and how those hours were

allotted to specific tasks.'"  *Id.* at 989 (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th

Cir.1995)).  Mr. Frost's fee affidavit is meticulous:  it reveals all the hours for which he seeks

compensation and explains how these hours were allotted to specific tasks.  Defendants have

failed to show that Mr. Frost's fee affidavit does not reasonably represent the time expended.

The Court finds that there is no reason to reduce Mr. Frost's award, because all of the time expended by Mr. Frost was reasonable and necessary to the litigation.  As this Court noted in its Order granting attorneys' fees, Mr. Frost billed a total of 60.10 hours for a case that lasted approximately nine months.  Mr. Frost's bill is detailed and comprehensive, stating how much time he worked on specific tasks.  As this Court stated in its previous Order, most of the time billed by Mr. Frost was for time spent in court, with opposing counsel or with his client, and preparing legal documents.  The time spent in court and with opposing counsel is easily reconstructed.  As for the time spent conducting legal research and preparing legal documents, the Court notes that Mr. Frost was quite conservative in the hours he billed. Therefore, it is not appropriate to reduce the hours, even if Mr. Frost did not keep contemporaneous time records. *See Anderson*, 80 F.3d at 1506.  The Court considers Mr. Frost's affidavit, under oath, that the bill he submitted was the billable hours expended in his representation of Mr. Sandoval.  The Court also considers Mr. Philip Davis' affidavit in support of Mr. Frost' affidavit, which states that based upon his experience with the nature of this litigation and Mr. Frost as an attorney, Mr. Frost's time spent was both reasonable and necessary to the litigation.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reconsider this Court's Award of Attorney's Fees is **denied.**   As stated in the Court's previous Order,  Plaintiff's counsel will be awarded $13,652.56 in attorneys' fees.  Of that amount, the State of New Mexico is jointly and severally liable for only $6,172.56.  The State Personnel Board and Rex Robberson in his official

capacity are jointly and severally liable for the entire $13,652.56.

Dated this 20th day of March, 2001.


<span> </span>

MARTHA VAZQUEZ
U. S. DISTRICT JUDGE


Counsel for Plaintiff
Warren Frost

Counsel for Defendant
Bennett S. Cohn